DIXON, Chief Justice.
I would grant the writ for the following reasons.
When this case was before us on appeal, the defendant was represented by the same lawyer who tried the case in the district court. The issue of ineffective counsel on the death penalty phase of the case was not raised on appeal. No application for rehearing was filed in this court. The first time defendant complained of ineffectiveness of counsel was last week, in a pleading which sought an out-of-time rehearing. That request was denied.
Now, in a post conviction remedy application, defendant contends that his due process right to effective counsel has been violated.
The defendant put on no evidence in the penalty phase of the case. His argument to the jury is reproduced in thirty-nine lines of type in the application. It did not constitute a plea for the life of defendant; it did not point to any mitigating circumstances, not even the youth of the defendant. It indicated that if the jury made a mistake, “the mistake can be corrected, no doubt
The argument in this case is similar to the one in State v. Myles, 389 So.2d 12 (La.1980), in which this court ordered a new trial for want of effective counsel on the penalty phase in a capital case. In the Myles case we held that for a death penalty to stand, the defendant must have received “the competent assistance of an attorney acting as a diligent, conscientious advocate for his life.” (389 So.2d at 30).
In the Myles case, on remand, a lawyer was appointed who was diligent and effective. The jury deliberated for several hours, but could not reach a verdict. Myles was sentenced to life imprisonment.
In the case of Alvin Moore the killing was horrible, brutal, bestial, worse even than *998 the killing in State v. Myles. There were, however, mitigating circumstances which were not placed before the jury, according to affidavits contained in the application before us. There were arguments which could have been made against the imposition of the death penalty. None were made.
Nevertheless, it is not possible in the state of this record for us to say that Moore would receive the death penalty regardless of defense efforts at the sentencing hearing.
Therefore, I would grant an evidentiary hearing to make a record and a decision on whether Moore had the benefit of effective assistance of counsel on the penalty phase.